IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD P. THOMAS,

    Plaintiff,                      No. CIV S-05-0956 DFL EFB P

    vs.

CHARLES FRANCIS CRAPOTTA,
et al.,

    Defendants.               <u>ORDER</u>

_____/

    Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. Defendant Dr. Eli B. Richman moves to modify the December 20, 2006, second amended discovery and scheduling order. Defendant Dr. Charles F. Crapotta joins in this request.

    A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Discovery is scheduled to close on March 2, 2007. Defendants request that the court amend the schedule to extend the time for discovery until May 2, 2007. All defendants intend to move for summary judgment, and assert that if their motion is granted there will be no need to take plaintiff's deposition. Thus, they contend that the modification sought is in the interest of all

1

parties because it would negate the expense and complications of taking the deposition of a prisoner. They assert that although defendants have not filed a motion for summary judgment, even if they were to file immediately, there is no way that the court could resolve it before discovery closes.

The showing required under Rule 16 to obtain an extension of time beyond that set in a scheduling order requires that the moving party explain what he has done to meet the deadline, and demonstrate that the deadline cannot be met despite diligent attempts to comply. Here, defendants essentially seem to concede that they delayed filing a dispositive motion that may well have resolved this case without the need for a deposition and that delay has now backed them against a discovery cutoff date. The result is that, without the requested extension, defendants must choose whether to gamble that the planned motion will resolve the case and not take the deposition, or play it safe and depose the plaintiff and perhaps needlessly expend time and money that a successful motion could have prevented. Addressing the delay in filing the motion in this way does not appear to be an appropriate basis for establishing "good cause" as required under Rule 16 (b). Although the court will reluctantly permit the extension here, defendants are admonished that under similar circumstances in the future a dispositive motion should be filed with enough advance time that the discovery cutoff date is not affected.[1]

////
////
////
////
////
////

---

[1] If such a motion, promptly filed, is not resolved by the court with enough time between the ruling on the motion and the discovery cutoff date, the need for the extension would exist despite due diligence of counsel and good cause for moving the discovery deadline would ordinarily exist.

1  Defendants shall have sixty days from the date the court rules on the defendants' motion
2  for summary judgment to take the plaintiff's deposition. The motion for summary judgment
3  shall be filed in compliance with the date set by the scheduling order for filing dispositive
4  motions, i.e. on or before April 27, 2007.
5  So ordered.
6  Dated: February 8, 2007.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE